UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDDIE L. MAXWELL BEY,

        Plaintiff,

v.                                               CASE NO. 4:07-CV-13941
                                               HONORABLE PAUL V. GADOLA

SOCIAL INVESTIGATOR PARKS and
WAYNE COUNTY DEPUTY O'CONNELL,

        Defendants.
_____/

## ORDER OF DISMISSAL

### I. Introduction

Plaintiff Eddie L. Maxwell Bey has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. Plaintiff is confined at the Wayne County Jail in Hamtramck, Michigan. The complaint alleges that, on or about July 3, 2007, Plaintiff was charged with major misconduct at the jail and placed in punitive segregation. On July 5, 2007, the defendants went to Plaintiff's cell. Defendant Parks read the incident report to Plaintiff and questioned him about the allegations. Plaintiff denied the allegations. Parks then provided Plaintiff with a notice of the charges and determined that Plaintiff was guilty of the alleged misconduct. On July 6, 2007, Parks informed Plaintiff that she was keeping him in segregation for thirty days. Plaintiff alleges that he also was expelled from a drug treatment program. Plaintiff's administrative appeal from the disciplinary proceedings was denied.

Plaintiff alleges that his disciplinary hearing did not comport with due process and that the

hearing officer's determination was not supported by substantial evidence. He seeks a declaratory judgment and money damages.

## II. Discussion

### A. Standard of Review

To successfully establish a *prima facie* case under § 1983, a civil rights plaintiff must prove that the defendants acted under color of law and deprived the plaintiff of rights secured by federal law. *Block v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)). When, as here, a prisoner has been granted leave to proceed without prepayment of the filing fee for an action, his civil rights complaint against a governmental entity, officer, or employee may be dismissed if it (1) is frivolous, malicious, or fails to state a claim for which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. *Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir. 2001) (citing 28 U.S.C. §§ 1915(e)(2) and 1915A).

A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Although "a complaint need not contain 'detailed' factual allegations, its '[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true.'" *Ass'n of Cleveland Fire Fighters v. Cleveland, Ohio*, __ F.3d __, __, No. 06-3823, 2007 WL 2768285, at *2 (6th Cir. Sept. 25, 2007) (quoting *Bell Atl. Corp. v. Twombly*, __ U.S. __, __, 127 S. Ct. 1955, 1965 (2007)).

### B. Application

Plaintiff alleges that he was deprived of his liberty and denied due process of law. The minimum requirements of procedural due process in prison disciplinary proceedings where good

2

time credits are forfeited are: (1) written notice of the charges at least twenty-four hours before a disciplinary hearing, (2) the right to present witnesses and documentary evidence at the hearing if doing so would not jeopardize institutional safety or correctional goals, (3) a written statement of the evidence relied on and the reasons for the disciplinary action, (4) the aid of a staff member or fellow inmate if the circumstances warrant it. *Wolff v. McDonnell*, 418 U.S. 539, 564-66, 570 (1974). Although Plaintiff contends that these procedures were not followed in his case, the procedures are not required for the imposition of lesser penalties not involving the loss of good time credits. *Id*. at 571 n.19.

Moreover, a claim for declaratory relief and money damages which is based on allegations that necessarily imply the invalidity of the punishment imposed is not cognizable under § 1983. *Edwards v. Balisok*, 520 U.S. 641, 648 (1997). Placement in disciplinary segregation for thirty days simply does not "present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest." *Sandin v. Conner,* 515 U.S. 472, 486 (1995). "Where an interest is not a protected one, there is no cognizable harm to the individual when deprived of that interest." *Orr v. Hawk*, 156 F.3d 651, 654 (6th Cir. 1998) (citing *Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989)).

### III. Conclusion

The facts, as alleged, fail to demonstrate a violation of the constitutional right to due process. Therefore, the complaint lacks an arguable basis under law, and it is dismissed as frivolous and for failure to state a claim under 28 U.S.C. §§ 1915(e)(2) and 1915A. An appeal from this order would be frivolous and could not be taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United*

3

*States*, 369 U.S. 438, 445 (1962); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

**SO ORDERED.**

Dated:  October 18, 2007            s/Paul V. Gadola
                                            HONORABLE PAUL V. GADOLA
                                            UNITED STATES DISTRICT JUDGE

---

Certificate of Service

I hereby certify that on  October 18, 2007 , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
                                                                                                                                    , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:                Eddie Maxwell                                                           .

                                              s/Ruth A. Brissaud
                                              Ruth A. Brissaud, Case Manager
                                              (810) 341-7845